UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA STOCKTON**                                                                                                    **PLAINTIFF**
**ADC #169885**

v.                                            Case No. 4:23-cv-00806-KGB

**SHELTON, Sergeant,**
**Ester Unit, ADC**                                                                                                       **DEFENDANT**

### ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 6). Judge Volpe's Recommendation recommends that the Court dismiss plaintiff Joshua Stockton's complaint without prejudice for failure to state a claim upon which relief may be granted (Dkt. No. 6). Three days after Judge Volpe filed the Recommendation, Mr. Stockton filed an amended complaint, which adds official capacity claims and additional defendants (Dkt. No. 7). Mr. Stockton filed timely objections to the Recommendation (Dkt. No. 8).

Also pending before the Court is a motion for disposition in which Mr. Stockton asks the Court to make a determination on Judge Volpe's Recommendation and also asks whether the Court will consider his timely filed amended complaint in the light of the Recommendation (Dkt. No. 9). Mr. Stockton subsequently filed a notice to the Court that brings attention to the pending Recommendation, his objection to the Recommendation, his amended complaint, and his motion for disposition (Dkt. No. 11). Additionally, pending before the Court is Mr. Stockton's motion for ruling in which Mr. Stockton again asks for a ruling on the Recommendation (Dkt. No. 12).

After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court declines to adopt the Recommendation and refers the case back to Judge

Volpe for further proceedings (Dkt. No. 6). The Court grants Mr. Stockton's motions for disposition and for ruling (Dkt. Nos. 9, 12).

I.   **Background**

Mr. Stockton is currently confined in the Wrightsville Unit of the Arkansas Division of Correction ("ADC"), but when he filed this action *pro se* pursuant to 42 U.S.C. § 1983 he was housed at the Ester Unit of the ADC (Dkt. No. 1). According to Mr. Stockton's complaint, Sergeant Shelton violated his Eighth and Fourteenth Amendment rights when she refused to give him his medications and an extra mattress as prescribed by a doctor upon his intake into the Ester Unit on July 20, 2023 (Dkt. No. 1). Mr. Stockton asserts that he told Sergeant Shelton, "I need my pain medicine tonight for my chronic severe pain and my prescriptions for acid reflux and muscle pain. That's why the Doctor has them as on person medications to do when severely in pain." (Dkt. No. 1, at 4). Mr. Stockton contends in his complaint that Sergeant Shelton refused to give him his valid prescriptions and extra mattress because she was "late to pick up her child at daycare," and he could have them "after 9 a.m. the following day when she got back." (Dkt. No. 1, at 4). According to Mr. Stockton, Sergeant Shelton "inflict[ed] on his body severe pain" that was "due to being without his medicine and mattress" (Dkt. No. 1, at 6-7). Mr. Stockton seeks compensatory and punitive damages (Dkt. No. 1, at 9).

Mr. Stockton attaches to his complaint two grievances that he filed regarding this matter (Dkt. No. 1, at 12-13). According to the Warden's response to the grievance Mr. Stockton filed regarding his extra mattress, Mr. Stockton was advised at intake that he needed an updated prescription from the Ester Unit's medical department, and Mr. Stockton received his extra mattress on July 25, 2023 (*Id.*, at 12). According to the Warden's response to the grievance Mr.

2

Stockton filed regarding his on-person medical prescriptions, the Warden responded that Sergeant Shelton offered Mr. Stockton his on-person medication, and he was not denied (*Id.*, at 13).

## II.     Analysis

In order to plead a plausible Eighth Amendment claim, Mr. Stockton must allege facts showing:   (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019) (citations omitted); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).   Judge Volpe concludes in his Recommendation that, in order to state a claim, Mr. Stockton must also establish at the screening stage that he was harmed as a result.   Judge Volpe concludes that Mr. Stockton's complaint is deficient on establishing harm because, even assuming that Mr. Stockton was without his on-person medication for a night or without an extra mattress for five days, the temporary denial of prescription medication is not sufficiently serious to rise to the level of a constitutional violation (Dkt. No. 6, at 3).

In his objections, Mr. Stockton reiterates the allegations in the complaint that being without his on-person medications that were prescribed by a doctor and his extra mattress caused him severe pain in violation of his Eighth Amendment rights (Dkt. No. 8, at 2).   The Court determines that at this stage, considering Mr. Stockton's objections and construing the allegations in Mr. Stockton's complaint liberally as the Court must at this stage in the proceedings, Mr. Stockton has plead sufficiently a plausible Eighth Amendment claim that he had serious medical needs and that Sergeant Shelton was aware of his serious medical needs and deliberately disregarded those needs. Further, Mr. Stockton asserts that he was harmed as a result of not having his prescribed mattress for up to five days and medication for pain and reflux for one night.   The cases cited in the

3

Recommendation to support dismissal of this case at screening as a result of not asserting adequate damages are cases where the record was more developed than it is in the case before this Court at the screening stage.  *See Presson v. Reed*, 65 F.4th 357, 366–67 (8th Cir. 2023) (affirming district court's denial of summary judgment based on qualified immunity because of officers' failure to administer medication to plaintiff); *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 812 (7th Cir. 2000) (affirming the decision of the district court to grant defendants' motion for summary judgment on pretrial detainee's claim that defendants were deliberately indifferent to his health when they failed to administer prescribed medication); *Ervin v. Busby*, 922 F.2d 147, 151 (8th Cir. 1993) (affirming district court's dismissal of pretrial detainee's deliberate indifference to medical needs claim after court appointed counsel and held a hearing).

The Court notes that, while not adopting the Recommendation, it agrees with the portion of Judge Volpe's Recommendation concluding that Mr. Stockton's allegations in his complaint that Sergeant Shelton violated his Fourteenth Amendment rights by delaying access to his personal property do not state a claim on which relief can be granted.  *See Hudson v. Palmer*, 46 U.S. 517, 533–36 (1984).

### III.     Conclusion

The Court orders as follows:

1.     The Court declines to adopt the Recommendation (Dkt. No. 6).

2.     The Court grants Mr. Stockton's motions for disposition and for ruling (Dkt. Nos. 9, 12).

3.     The Court refers the case back to Judge Volpe for screening for further proceedings.

It is so ordered this 3rd day of September, 2024.

_____
Kristine G. Baker
Chief United States District Judge