**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JOSHUA STOCKTON                                                                    PLAINTIFF

v.                                        4:23-cv-00806-KGB-JJV

LATONYA SHELTON,
Sergeant, Ester Unit, ADC, *et al.*                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker.   Any party may serve and file written objections to this Recommendation.   Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I.   INTRODUCTION

Joshua Stockton ("Plaintiff") has filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging Sergeant LaTonya Shelton violated his Eighth Amendment right to receive adequate medical care by denying him pain medications and an extra mattress when he transferred to the Ester Unit on July 20, 2023.[1]   (Doc. 7.)   Plaintiff, who is no longer incarcerated, brings this claim against Defendant Shelton in her official and individual capacities.   And monetary damages are the only relief sought.

---

[1] I have previously recommended that all other claims and Defendants be dismissed without prejudice.   (Docs. 15, 38.)

1

Defendant Shelton has filed a Motion for Summary Judgment arguing she is entitled to dismissal with prejudice. (Docs. 59-61.)   Plaintiff has filed a Statement of Disputed Facts. (Doc. 65.)   After careful consideration and for the following reasons, I recommend the Motion for Summary Judgment be granted, the Eighth Amendment claim against Defendant Shelton be dismissed with prejudice, and this case be closed.

## II.    SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.   *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).   The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.   *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial.   *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).   In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."   *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

## III.    FACTS

On July 20, 2023, Plaintiff was transferred from the Wrightsville Unit to the Ester Unit at around 5:30 p.m.   (Doc. 59-1 at 16.)   At that time, he had an authorization allowing him to keep several pain medications on his person ("OPM") and a prescription for an extra mattress for the

treatment of chronic back pain.[2]   (Doc. 59-1 at 16-20; Doc. 59-2; Doc. 59-7 at 4-5, 9-10.) Sergeant Shelton was working intake that evening.   (Doc. 59-2.)

Plaintiff says Sergeant Shelton said she did not have time to inventory all of his property because she needed to pick-up her child, put his property including his OPM medications in storage, and gave him his OPM medications when she returned to work the following day at 9:00 a.m. to complete the inventory.   (Doc. 59-2 at 16-28.)   In contrast, Sergeant Shelton says she inventoried all of Plaintiff's property that evening and allowed him to keep his OPM medications. (Doc. 59-2.)   The property intake form, which says Plaintiff was allowed to keep his OPM medications, is inconclusive because Sergeant Shelton signed it on July 20, 2023, while Plaintiff signed it on July 21, 2023.   (Doc. 59-6.)

During the July 20, 2023 intake, Sergeant Shelton did not give Plaintiff an extra mattress because his copy of the prescription had to be verified by the Ester Unit staff.   (Doc. 59-1 at 17-26; Doc. 59-2; Doc. 59-3; Doc. 59-5 at 4; Doc. 59-9 at 2-3).   After intake, Plaintiff went to the infirmary for his initial health screening, but he did not have his extra mattress script validated at that time.[3]   (Doc. 59-1 at 17-26; Doc. 59-2.)   On July 22, 2023, Plaintiff submitted a Health Request Form to the medical department seeking validation.   (Doc. 59-3; Doc. 59-7 at 7; Doc. 59-8.)   Plaintiff received validation on July 25 or 26, 2023, and Sergeant Shelton gave him an extra mattress on the same day.   (Doc. 59-1 at 17-28; Doc. 59-2.)

---

[2] It appears those pain medications were duloxetine, diclofenac gel, and over the counter medications.   (Doc. 59-1 at 10-18; Doc. 65 at 25)

[3] There is no indication in the medical records that Plaintiff asked for validation during his initial medical screening.   (Docs. 59-7, 59-8.)   And, during his deposition, Plaintiff said he could not remember whether he asked the medical department to do so.   (Doc 59-1 at 22-24.)

## IV.   DISCUSSION

### A.   Sovereign Immunity

The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, precludes the recovery of monetary damages from state officials acting in their official capacities, unless the state has waived its immunity.   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).   Because Defendant Shelton is a state official and the State of Arkansas has not waived its Eleventh Amendment immunity, she is entitled to sovereign immunity from Plaintiff's request for monetary damages from her in her official capacity.   *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991).

### B.   Qualified Immunity

"Qualified immunity shields a public official from suit for civil damages when his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."   *Carter v. Ludwick*, 139 F.4th 982, 989 (8th Cir. 2025).   State officials sued in their personal capacities are entitled to qualified immunity from damages unless: (1) the facts viewed in the light most favorable to the plaintiff establish a violation of a constitutional or statutory right, and (2) that right was clearly established at the time of the alleged misconduct. *Jones v. Faulkner Cnty., Arkansas*, 131 F.4th 869, 874 (8th Cir. 2025); *Beard v. Falkenrath*, 97 F.4th 1109, 1114 (8th Cir. 2024).   If there is no evidence of a constitutional violation, as in this case, then the analysis ends, and the defendants are entitled to dismissal.   *See Jones,* 131 F.4th at 874; *Smith-Dandridge v. Geanolous*, 97 F.4th 569, 575 (8th Cir. 2024).

To establish an Eighth Amendment claim, Plaintiff must have evidence: (1) he had an objectively serious medical need; and (2) Defendant Shelton subjectively knew of, but deliberately disregarded, that serious medical need.   *See Dantzler v. Baldwin*, 133 F.4th 833, 843 (8th Cir.

2025); *Jones v. Faulkner Cnty.,* 131 F.4th 869, 874 (8th Cir. 2025).    The parties agree Plaintiff had an objectively serious medical need for his OPM medications and an extra mattress.  *See Presson v. Reed*, 65 F.4th 357, 366 (8th Cir. 2023) (an objectively serious medical need is one that has been diagnosed by a physician as requiring treatment).    And Plaintiff says the delay in receiving them caused him pain.   (Doc. 59-1 at 30.)

Thus, this case turns on the second element of deliberate indifference, which is a high threshold that goes well beyond negligence or gross negligence.   *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).    To establish deliberate indifference, there must be evidence the defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk."   *Shipp v. Murphy,* 9 F.4th 694, 703 (8th Cir. 2021); *Smith v. Lisenbe,* 73 F.4th 596, 660 (8th Cir. 2023). This level of mental culpability is "akin to criminal recklessness."   *Presson v. Reed*, 65 F.4th 357, 367 (8th Cir. 2023).

Here, it is undisputed the policy required the Ester Unit medical department to verify Plaintiff's extra mattress script.   There is no evidence Sergeant Shelton acted with deliberate indifference when she complied with that policy, instructed Plaintiff to obtain validation from the medical department, and immediately gave him an extra mattress when he presented the correct documentation five to six days later.   *See Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011) (prison officials lacking medical expertise may rely on the medical staff's treatment decisions). Similarly, even if I presume Plaintiff did not have his OPM medications from 5:30 p.m. on July 20 to 9:30 a.m. the following morning, the denial of a single dose of medications does not rise to the level of a constitutional violation.   *See Parks v. Hughes,* Case No. 10-2581, 2010 WL 4323194 (8th Cir Nov. 3, 2010) (two-week delay in receiving OPM medications was not a constitutional

violation); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993) (one-month delay in refilling prescription was not a constitutional violation). Finally, there is no evidence Plaintiff complained of pain during the brief delay in receiving his OPM medications or extra mattress. *See Dantzler,* 133 F.4th at ("self-reported assertions of pain" in the absence of corroborating evidence are insufficient to establish detrimental effect of delay in medical care). And, more importantly, there is no evidence Defendant Shelton was subjectively aware Plaintiff was experiencing any such pain. *Holden,* 663 F.3d at 342 (no Eighth Amendment violation when prison officials were unaware a prisoner was in pain).

It is clear from Plaintiff's deposition testimony that he was frustrated about not receiving his OPM medications and extra mattress immediately upon arrival at the Ester Unit. But during a prison transfer, certain security measures and validations are necessary. And doing so takes time. Because nothing in the record before me suggests Sergeant Shelton acted with deliberate indifference in completing these obligations, I conclude she is entitled to qualified immunity and dismissal of the Eighth Amendment claim against her with prejudice.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. 59) be GRANTED, Plaintiff's Eighth Amendment claim against Defendant Shelton be DISMISSED with prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of January 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE